**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EARL WATSON,

      Plaintiff-Appellant,

v.

COUNTY OF MUSKOGEE, a
subordinate political entity in the State
of Oklahoma; CLIFF SINYARD,
former Sheriff of Muskogee County,
in his official capacity; SHIRLEY
SHORES, in her individual and
official capacity,

      Defendants-Appellees.

No. 04-7013
(D.C. No. CV-03-297-WH)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Earl Watson appeals the district court's order granting defendants' motions for summary judgment on his 42 U.S.C. § 1983 claim alleging that defendants delayed in providing him proper medical care for an eye injury while he was incarcerated at the Muskogee County Jail. Mr. Watson argues that the district court erred in granting summary judgment because 1) there was evidence of deliberate indifference on the part of the County; 2) Mr. Sinyard's knowledge could be inferred, he failed to supervise jail personnel, and there was a lack of policy concerning medical requests at the time of the incident; and 3) Ms. Shores was personally involved in the circumstances that resulted in the loss of Mr. Watson's eye. We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Simms v. Okla. ex. rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Having reviewed the briefs, the record, and the applicable law, we conclude that the district court correctly decided this case. We therefore AFFIRM the

judgment for substantially the same reasons stated by the district court in its

Order filed January 5, 2004.

Entered for the Court


Michael R. Murphy
Circuit Judge